IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER THORNSBERRY                                                                              PLAINTIFF

      v.                                  Civil No.  5:16-cv-05281

JUDGE ROBIN GREEN; PROSECUTING
ATTORNEY CARRIE DOBBS; STATE OF
ARKANSAS; and UNITED STATES OF AMERICA                                                    DEFENDANTS

**OPINION AND ORDER**

      This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

      This matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

**I.  Background**

      According to the allegations of the complaint (Doc. 1), Plaintiff has been incarcerated in the Benton County Detention Center (BCDC) since October 31, 2016, on pending criminal charges.  He contends that he is being held on excessive bail in violation of the Eighth Amendment.

      He asserts that Judge Robin Green has denied him a bond reduction numerous times.  Plaintiff alleges that he comes from a background of poverty and cannot make the excessively high bail.  He further alleges that Prosecuting Attorney Carrie Dobbs has continuously objected to any reduction in the amount of bail.

      Plaintiff asserts that both Judge Green and Carrie Dobbs claim to represent the State of

Arkansas in connection with Plaintiff's pending criminal case. On this basis, Plaintiff alleges the State should be held liable for any violation of the Eighth Amendment. He asserts the State has failed to protect his rights as guaranteed by the Constitution of the United States of America. Finally he contends the United States of America has failed to protect his constitutional rights.

## II.  Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting, Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

First, the claims against Judge Robin Green are subject to dismissal. The claims against Judge Green involve actions taken by Judge Green in a pending criminal case against the Plaintiff. Judge Green is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute

immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome if: (1) the judge's challenged action is non-judicial; or (2) the judge's action, although judicial in nature, [was] taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither exception applies here.

Second, the complaint as against Carrie Dobbs is subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, the claim is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here.

Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22; *see also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, the claims against the State of Arkansas are subject to dismissal. The claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri*, 973 F.2d 599, 599 -600 (8th Cir. 1992) (*citing Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276).

Finally, the "United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan*, 440 U.S. 332, 342 (1979)); *see also Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).

### III. Conclusion

For the reasons set forth above, IT IS ORDERED that this matter is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)--because Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted.

IT IS SO ORDERED this 15th day of December, 2016.

/s/P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE