IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER THORNSBERRY                                                               PLAINTIFF

      V.                     CASE NO. 5:16-cv-05281

JUDGE ROBIN GREEN;
PROSECUTING ATTORNEY CARRIE DOBBS;
STATE OF ARKANSAS; and,
UNITED STATES OF AMERICA                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This is a civil rights action filed by the Plaintiff, Christopher Thornsberry, pursuant to 42 U.S.C. § 1983. Plaintiffs proceed *pro se*. The case is before me by referral for a determination of whether *in forma pauperis* status should be granted on appeal. For the reasons stated below, it is my recommendation that the Motion for Leave to Appeal *in forma pauperis* (Doc. 12) be denied.

**I. Background**

      Plaintiff filed his complaint on October 11, 2016. (Doc. 1) The complaint alleges that Thornsberry has been incarcerated in the Benton County Detention Center ("BCDC") since October 31, 2016[1], on pending criminal charges[2]. He contends that he is being held on excessive bail in violation of the Eighth Amendment. (Doc. 1, p. 4) He claims that Judge Robin Green has denied his numerous requests for a bond reduction. He asserts that he comes from a poverty background and cannot make the excessive bond Judge Green has imposed. (Doc. 1, pp. 4-5) He further claims that Prosecuting Attorney Carrie Dobbs has continuously objected to any bond reduction, and

---

[1] A date in the future at the time his complaint was filed.

[2] Two counts of Terroristic Threatening, 1st Degree. (Doc. 1, p. 10)

therefore she takes part in the violation of his Eighth Amendment rights. (Doc. 1, pp. 5-6)

Thornsberry asserts that both Judge Green and Prosecuting Attorney Dobbs claim to represent the State of Arkansas in connection with his pending criminal case; and, on that basis, he alleges that the State of Arkansas should be held liable for any violation of his Eighth Amendment rights. (Doc. 1, p. 6) He also claims the United States of America has failed to protect his constitutional rights. (Doc. 1, p. 7)

On December 15, 2016, the Court entered an Opinion and Order dismissing Plaintiffs' case with prejudice at the initial screening stage, pursuant to 28 U.S.C. § 1915(e)(2)(B), because Thornsberry's claims are frivolous and/or fail to state claims upon which relief may be granted. (Doc. 8) A Judgment of dismissal with prejudice was filed on the same date (Doc. 9), and the Judgment specifically instructed the Clerk to put a 28 U.S.C. § 1915(g) strike flag on the case.

Thornsberry filed a Notice of Appeal (Doc. 10) on December 22, 2016, and his Motion for Leave to Appeal *in forma pauperis* (Doc. 12) was filed on January 6, 2017. The motion was referred to the undersigned on January 6, 2017.

## II. Discussion

28 U.S.C. § 1915 governs applications for leave to appeal in forma pauperis. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provide that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

For the reasons set forth in the Court's Opinion and Order entered on December 15, 2016 (Doc. 8), Plaintiffs' claims were found to be frivolous and they failed to state claims upon which relief may be granted. Specifically, the Court found that Thornsberry asserted claims against defendants who are all immune from suit. Thornsberry's Notice of Appeal adds nothing to the legal analysis, nor could it.

Contrary to the requirements of § 1915(a)(1), Thornsberry fails to state any specific facts in

support of his appeal; he does not state the specific nature of the appeal; and, he does not state any belief that he is entitled to redress. He has not cited any legal authority pertinent to § 1983 to support his allegations. Vague and conclusory allegations are frivolous on their face, and leave to proceed in forma pauperis has been properly denied in such circumstances. *See, e.g., Green v. White*, 616 F.2d 1054, 1055 (8th Cir. 1980); *Meadows v. Gibson*, 855 F.Supp. 223 (W.D.Tenn. 1994) (frivolousness of complaint precluded appeal in forma pauperis); *Price v. McFarland*, 133 Fed.Appx. 485 (10th Cir. 2005) (unpublished) (denial of leave to proceed on appeal in forma pauperis where plaintiffs made sweeping generalizations to describe their claims and they failed to set forth any specific, non-conclusory arguments explaining why the district court's rulings were erroneous).

Where, as here, the application for leave to appeal in forma pauperis fails to state the nature of the action, is not notarized, and fails to state the applicant's belief that he is entitled to redress, the application is facially deficient. *See Schweitzer v. Scott*, 469 F.Supp. 1017, 1018-19 (C.D. Cal. 1979). Plaintiff is, of course, proceeding *pro se*, and the Court does not hold him to the rigid standards applied to attorneys, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); but, even broadly read, Thornsberry's motion for leave to appeal *in forma pauperis* does not comply with the requirements of 28 U.S.C. § 1915.

### III. Conclusion

Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Doc. 12) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of January, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE